IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 2, 2011 Session

**DAVID A. LUFKIN, SR. v. BOARD OF PROFESSIONAL
RESPONSIBILITY OF THE SUPREME COURT OF TENNESSEE**

**Direct Appeal from the Board of Professional Responsibility Hearing Panel
No. 2009-1865-2-SG(24)-R3-BP**

**No. M2010-00827-SC-R3-BP - Filed: March 22, 2011**

An attorney who was suspended from the practice of law for two years and assessed costs associated with the suspension proceedings appeals to this Court for relief from all or a portion of the assessed costs. While this appeal was pending, the attorney filed a Chapter 7 bankruptcy petition, and his pre-bankruptcy debts were discharged by order entered by the Bankruptcy Court on December 10, 2010. We hold that the assessment of costs of the disciplinary proceeding was a debt that was discharged in the attorney's bankruptcy case and is, therefore, no longer due and owing. Accordingly, the attorney's appeal to this Court is moot.

**Tenn. R. App. P. 3 Direct Appeal; Appeal Dismissed**

SHARON G. LEE, J., delivered the opinion of the Court, in which CORNELIA A. CLARK, C.J., JANICE M. HOLDER, GARY R. WADE, and WILLIAM C. KOCH, JJ., joined.

Thomas F. Mabry, Seymour, Tennessee, for the appellant, David A. Lufkin, Sr.

Sandy Garrett, Nashville, Tennessee, for the appellee, Board of Professional Responsibility of the Supreme Court of Tennessee.

**OPINION**

On December 16, 1999, this Court granted attorney David A. Lufkin, Sr.'s application to be placed on disability inactive status pursuant to Tennessee Supreme Court Rule 9, section 21.3.[1] In July of 2006, Mr. Lufkin was reinstated to active status. In September of

---

[1] Section 21.3 of Rule 9 provides in pertinent part as follows:

(continued...)

2006, the Board of Professional Responsibility ("the Board") filed a petition to temporarily suspend Mr. Lufkin from the practice of law pursuant to Tennessee Supreme Court Rule 9, section 4.3.[2] We granted this petition by order of October 17, 2006. In April of 2007, the Board filed an additional petition for discipline against Mr. Lufkin based on seven complaints. Following a hearing by the Board Hearing Panel ("the Panel") in June of 2009, the Panel recommended that Mr. Lufkin be suspended for two years, retroactive to his suspension on October 17, 2006; that he attend a specified amount of additional continuing legal education within the next two years; and that his practice be subject to the supervision of a practice monitor for one year should his law license be reinstated. Thereafter, on August 18, 2009, this Court entered an Order of Enforcement accepting the Panel's recommendations and assessing Mr. Lufkin with costs of the suspension proceedings in the amount of $11,277.88, pursuant to Tennessee Supreme Court Rule 9, section 24.3.[3]

---

[1](...continued)

> If, during the course of a disciplinary investigation or proceeding, the respondent contends that the respondent is suffering from a disability by reason of mental or physical infirmity or illness, or because of addiction to drugs or intoxicants, which disability makes it impossible for the respondent to respond to or defend against the complaint, such contention shall place at issue the respondent's capacity to continue to practice law. The Court thereupon shall enter an order immediately transferring the respondent to disability inactive status for an indefinite period and until the further order of this Court.

[2] Section 4.3 of Rule 9 provides in pertinent part as follows:

> On petition of the Disciplinary Counsel and supported by an affidavit demonstrating facts personally known to affiant, showing that an attorney has misappropriated funds to the attorney's own use, has failed to respond to the Board or Disciplinary Counsel concerning a complaint of misconduct, has failed to substantially comply with a contract entered into with the Tennessee Lawyer Assistance Program, or otherwise poses a threat of substantial harm to the public, the Supreme Court may issue an order with such notice as the Court may prescribe imposing temporary conditions of probation on said attorney or temporarily suspending said attorney, or both.

[3] Section 24.3 of Rule 9 allows for the assessment of costs against an attorney as follows:

> In the event that a judgment of disbarment, suspension, public censure, private reprimand, temporary suspension, disability inactive status, reinstatement, or denial of reinstatement results from formal proceedings, the Board shall assess against the respondent the costs of the proceedings, including court reporter's expenses for appearances and transcriptions of

(continued...)

Mr. Lufkin subsequently filed a petition with the Board pursuant to section 24.3[4] requesting that the $11,277.88 cost assessment "be waived entirely, or the payment of [the costs] be modified and that payment of such costs not be required prior to the Petitioner having his license returned to active status," in part, on the ground of "extreme financial hardship." By order of March 11, 2010, the Panel ruled that the cost assessment should be reduced by $2,554 because a portion of the assessment was unwarranted. The Panel ordered Mr. Lufkin to pay the $8,723.88 balance as a condition precedent to his reinstatement.

On April 12, 2010, Mr. Lufkin appealed to this Court pursuant to section 1.3 of Supreme Court Rule 9 and requested that this balance be further reduced or waived for financial hardship and other reasons. Thereafter, on September 1, 2010, Mr. Lufkin filed a Chapter 7 bankruptcy petition under the federal Bankruptcy Code, codified at 11 U.S.C. §§ 101-1532 (2006 & Supp. IV 2010). On December 10, 2010, the Bankruptcy Court for the Eastern District of Tennessee entered an order granting Mr. Lufkin a discharge under section 727 of the Bankruptcy Code.

"A discharge in bankruptcy is an involuntary release by operation of law of asserted and non-asserted claims by a creditor against a person" that has filed a bankruptcy petition. Parnham v. Parnham, No. M1998-00915-COA-R3-CV, 2001 WL 120734, at *2 (Tenn. Ct. App. Feb. 14, 2001) (citing In re Dow Corning Corp., 255 B.R. 445, 476 (E.D. Mich. 2000)); In re Arrowmill Dev. Corp., 211 B.R. 497, 503 (Bankr. D. N.J. 1997). A discharge operates to void a debtor's personal liability for any judgment obtained before the debtor filed his or her bankruptcy petition with respect to any debt discharged under section 727. 11 U.S.C. § 524(a) (2006); Ford Consumer Fin. Co. v. Clay, 984 S.W.2d 615, 616 (Tenn. Ct. App. 1998) (citations omitted). Disciplinary proceeding costs assessed to an attorney pursuant to section 24.3 are included among those debts discharged in a Chapter 7 bankruptcy. In re Love, __ B.R. __, 2011 WL 113524, at *11-12 (Bankr. M.D. Tenn. Jan. 12, 2011).

---

[3](...continued)
> all hearings and depositions, the expenses of the hearing panel in the hearing of the cause, and the hourly charge of Disciplinary Counsel in investigating and prosecuting the matter.

[4] Section 24.3 of Rule 9 allows an attorney to request relief from assessed costs as follows:

> The respondent attorney may petition the Board for relief from costs within thirty days of receipt of the final bill of costs or on the termination of any action upon which the disciplinary proceeding was based, whichever occurs last. In seeking relief, the respondent attorney shall have the opportunity to appear and be heard before the Board or a duly constituted panel thereof.

Without ruling or commenting on the merits of Mr. Lufkin's petition, we hold that Mr. Lufkin's appeal to this Court is moot and should be dismissed because the costs for which he seeks relief have been discharged in bankruptcy and are no longer owed. A case, such as the one before us, that does not involve presently existing rights, "live issues that are within a court's power to resolve, and parties who have a legally cognizable interest in the resolution of these issues," is no longer justiciable. State ex rel. DeSelm v. Jordan, 296 S.W.3d 530, 534 (Tenn. Ct. App. 2009). A case may lose its justiciability and thereby become moot as the result of a court decision, acts of the parties, or some other event that occurs during the pendency of the case. Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cnty., 301 S.W.3d 196, 204 (Tenn. 2009). If a case no longer serves as a means to provide some sort of judicial relief to the prevailing party it will be considered moot. Id. Mr. Lufkin's liability for the costs and expenses of his disciplinary proceedings was nullified by his discharge in bankruptcy, and he no longer requires relief in this Court from the assessment of those costs and expenses. Therefore, this appeal is moot. See Clay, 984 S.W.2d at 616-17 (holding that personal money judgment against Chapter 7 debtor was abrogated by debtor's bankruptcy discharge).

While there are certain exceptional circumstances that offer a basis for not invoking the mootness doctrine to dismiss a case,[5] none of those circumstances are present in this case.

## Conclusion

For the reasons stated, Mr. Lufkin is no longer liable for the disciplinary proceeding costs assessed against him by the Panel from which he seeks relief on appeal to this Court. This appeal, being moot, is therefore dismissed. All costs of this appeal are taxed to David A. Lufkin, Sr., and his surety, for which execution may issue if necessary.

_____
SHARON G. LEE, JUSTICE

---

[5] For example, courts have declined to dismiss a case under the mootness doctrine when the issue involved a matter of great public importance or importance to the administration of justice; when the conduct in controversy was a matter capable of repetition and was of such short duration that it would evade judicial review; when, despite the mootness of the primary subject of dispute, collateral consequences to the parties persisted; and when the defendant voluntarily ceased the conduct complained of. Norma Faye Pyles Lynch Family Purpose LLC, 301 S.W.3d at 204.