# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs October 15, 2013

## BRUCE RISHTON v. JIM MORROW, ET AL.

**Appeal from the Circuit Court for Bledsoe County**
**No. 2011CV4948     Buddy Perry, Judge**

---

**No. E2012-01046-COA-R3-CV-FILED-OCTOBER 22, 2013**

---

Bruce Rishton ("Rishton"), formerly an inmate in the custody of the Tennessee Department of Correction ("TDOC"), filed a petition for writ of certiorari in the Circuit Court for Bledsoe County ("the Trial Court") against officials Warden Jim Morrow, Deputy Warden Andrew Lewis, and, Associate Warden of Operations C. Owens (collectively "the Respondents"). Rishton alleged that the warden acted illegally and arbitrarily in denying him his musical instrument. The Respondents filed a motion to dismiss. The Trial Court dismissed the case, holding, *inter alia*, that the warden's decision was administrative in nature and not subject to review by writ of certiorari. Rishton appeals. We hold that, as Rishton has since been released from TDOC custody, this case has become moot on appeal. We affirm the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ. joined.

Bruce Rishton, pro se appellant.

Robert E. Cooper, Jr., Attorney General and Reporter; William Young, Solicitor General; and, Lee Pope, Assistant Attorney General, for the appellees, Jim Morrow, Warden; Andrew Lewis, Deputy Warden; and, C. Owens, Associate Warden of Operations.

## MEMORANDUM OPINION[1]

### Background

Rishton was an inmate in the custody of TDOC. In May 2011, Rishton pled guilty to the disciplinary offense of a positive drug screen. Subsequently, the Respondents no longer allowed Rishton to keep his guitar. In July 2011, Rishton filed a petition for writ of certiorari against the Respondents in the Trial Court. Rishton alleged, among other things, that the warden acted illegally and arbitrarily in denying him his guitar. In September 2011, Rishton filed a motion for default judgment against the Respondents. Also at that time, the Respondents filed a motion to dismiss, arguing that the warden's decision to restrict an inmate's property was administrative in nature and not subject to review by writ of certiorari.

In October 2011, the Trial Court granted the Respondents' motion to dismiss and denied Rishton's motion for default judgment. The Trial Court held that the warden's discretionary decision to restrict inmate property on the basis of a disciplinary infraction was administrative in nature and not subject to review by writ of certiorari. Additionally, the Trial Court held that Rishton's request for injunctive relief was moot. In January 2012, Rishton filed a Rule 60 motion seeking relief from the October judgment on the basis that he did not timely receive a copy of the order of dismissal and was precluded from timely filing a notice of appeal. The Trial Court granted Rishton's Rule 60 motion and vacated its October 2011 judgment. In May 2012, the Trial Court again dismissed Rishton's case. Rishton timely appealed to this Court.

### Discussion

Though not stated exactly as such, Rishton raises three issues on appeal: 1) whether the Trial Court erred in denying his motion for default judgment; 2) whether the Trial Court erred in dismissing his petition for writ of certiorari; and, 3) whether the Respondents violated his due process rights by confiscating his personal property without prior notification and authorization. We, however, believe the dispositive issue on appeal is one raised by the Respondents: whether Rishton's appeal is moot because he no longer is in TDOC custody.

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

In April 2013, the Respondents filed a motion to dismiss in this Court. In their accompanying memorandum of law, the Respondents argue that this appeal should be dismissed for mootness. In support of their argument, the Respondents assert that Rishton is no longer in the custody of TDOC and that the relief sought by Rishton concerning access to his guitar no longer has any practical effect.[2] In May 2013, Rishton filed a response in opposition to the Respondents' motion to dismiss. In his response, Rishton made two arguments. First, Rishton contended that the fault for the delay in the case lies with the Respondents and their "dilatory practices." According to Rishton, to dismiss his case would serve to encourage TDOC officials to delay action until an inmate is released and essentially run out the clock, so to speak. Second, Rishton contends that there is, in fact, practical relief still available to him–namely, restitution for the cost of bringing this suit.

Our Supreme Court recently has discussed justiciability and mootness:

This Court must first consider questions pertaining to justiciability before proceeding to the merits of any remaining claims. *See UT Med. Grp., Inc. v. Vogt*, 235 S.W.3d 110, 119 (Tenn. 2007) (noting that justiciability is a threshold inquiry). The role of our courts is limited to deciding issues that qualify as justiciable, meaning issues that place some real interest in dispute, *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 838 (Tenn. 2008), and are not merely "theoretical or abstract," *Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cnty.,* 301 S.W.3d 196, 203 (Tenn. 2009). A justiciable issue is one that gives rise to "a genuine, existing controversy requiring the adjudication of presently existing rights." *Vogt*, 235 S.W.3d at 119.

\*\*\*

To be justiciable, an issue must be cognizable not only at the inception of the litigation but also throughout its pendency. *Norma Faye Pyles Lynch Family Purpose LLC*, 301 S.W.3d at 203–04. An issue becomes moot if an event occurring after the commencement of the case extinguishes the legal controversy attached to the issue, *Lufkin v. Bd. of Prof'l Responsibility*, 336 S.W.3d 223, 226 (Tenn. 2011), or otherwise prevents the prevailing party from receiving meaningful relief in the event of a favorable judgment, *see Knott v. Stewart Cnty.*, 207 S.W.2d 337, 338 (Tenn. 1948); *Cnty. of Shelby v.*

_____

[2]In support of this representation, the Respondents attached an affidavit of one Melinda Toney, a Sentence Analyst 1 with TDOC. Ms. Toney stated that Rishton was released from custody upon the expiration of his sentence in December of 2012. In his response to the motion to dismiss, Rishton does not dispute that he no longer is in TDOC custody.

*McWherter*, 936 S.W.2d 923, 931 (Tenn. Ct. App. 1996). This Court has recognized a limited number of exceptional circumstances that make it appropriate to address the merits of an issue notwithstanding its ostensible mootness: (1) when the issue is of great public importance or affects the administration of justice; (2) when the challenged conduct is capable of repetition and evades judicial review; (3) when the primary dispute is moot but collateral consequences persist; and (4) when a litigant has voluntarily ceased the challenged conduct. *Lufkin*, 336 S.W.3d at 226 n.5 (citing *Norma Faye Pyles Lynch Family Purpose LLC*, 301 S.W.3d at 204).

*City of Memphis v. Hargett*, No. M2012-02141-SC-R11-CV, - - - S.W.3d - - - -, 2013 WL 5655807, at **4-5 (Tenn. Oct. 17, 2013).

Writ of certiorari cases involve reviewing the actions of lower boards and tribunals. *See generally McCallen v. City of Memphis*, 786 S.W.2d 633, 638 (Tenn. 1990). The action challenged here is the warden's decision to restrict Rishton's ability to have a musical instrument. Rishton, however, no longer is in TDOC custody. This being so, we fail to see what relief we could render to Rishton. Additionally, our Supreme Court has stated: "We have repeatedly held that where only the taxing of the costs is involved and the major question has become moot that we will not consider the question." *State ex rel. Lewis v. State*, 347 S.W.2d 47, 48 (Tenn. 1961). We hold that this case has become moot on appeal. None of the exceptional circumstances that would lead us to address an ostensibly moot case are present here.

"The ordinary practice in disposing of a case that has become moot on appeal is to vacate the judgment and remand the case with directions that it be dismissed." *McIntyre v. Traughber*, 884 S.W.2d 134, 138 (Tenn. Ct. App. 1994). However, when a trial court already has dismissed a case that is moot on appeal, we simply may affirm that dismissal. *See Pylant v. Haslam*, No. M2011-02341-COA-R3-CV, 2012 WL 3984648, at *4 (Tenn. Ct. App. Sept. 11, 2012), *no appl. perm. appeal filed*. As Rishton appeals from a dismissal of his case, and, as we hold that this case is moot on appeal, we affirm the dismissal by the Trial Court.

-4-

## **Conclusion**

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Bruce Rishton, and his surety, if any.

_____
D. MICHAEL SWINEY, JUDGE