IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 15, 2017 Session

## SABRINA RENAE WITT v. ERICA CHRISTINE WITT

**Appeal from the Circuit Court for Knox County**
**No. 136047      Gregory S. McMillan, Judge**

_____

### No. E2017-00884-COA-R3-CV

_____

Individual members of the 109th Tennessee General Assembly and the 110th Tennessee General Assembly appeal the order of the Circuit Court for Knox County ("the Trial Court") denying their motion to intervene in this suit involving the divorce of a same-sex couple and specifically involving the issue of whether the spouse who has no biological or other recognized legal relationship to the parties' minor child may be considered a parent under Tenn. Code Ann. § 68-3-306 (2013).  We find and hold that because all of the issues in the divorce now are final the case has been rendered moot as it has lost its justiciability and no longer involves a present, ongoing controversy.  We further find and hold that no exceptions to the mootness doctrine apply.  As the case is moot, we dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**
**Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which JOHN W. MCCLARTY and BRANDON O. GIBSON, JJ., joined.

David E. Fowler, Franklin, Tennessee, for the appellants, members of the 109th General Assembly and members of the 110th General Assembly.

John K. Harber, Knoxville, Tennessee, for the appellee, Sabrina Renae Witt.

Virginia A. Schwamm, Knoxville, Tennessee, for the appellee, Erica Christine Witt.

## OPINION

## <u>Background</u>

Sabrina Renae Witt ("Sabrina") and Erica Christine Witt ("Erica")[1] were married in Washington, DC in 2014. Upon marriage, Sabrina took Erica's last name of Witt. During the marriage and by agreement of the parties, Sabrina became pregnant through artificial insemination by an anonymous donor. She gave birth to a child ("the Child") in January of 2015. The Child also carries Erica's surname of Witt. Erica is not listed on the Child's birth certificate and did not adopt the Child. In June of 2015, the United States Supreme Court released its opinion in *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015) holding that same-sex couples have a constitutional right to marry.

In February of 2016, Sabrina filed for divorce in the Trial Court. In her complaint, Sabrina alleged: "No biological child of the Defendant born to this marriage." Erica answered the complaint and alleged that pursuant to Tenn. Code Ann. § 68-3-306 she is a legitimate parent of the Child. As pertinent, Tenn. Code Ann. § 68-3-306 provides:

> **68-3-306. Birth from artificial insemination.**
>
> A child born to a married woman as a result of artificial insemination, with consent of the married woman's husband, is deemed to be the legitimate child of the husband and wife.

Tenn. Code Ann. § 68-3-306 (2013). Erica argued that the statute should be read in a gender-neutral fashion.

Sabrina filed a motion for partial summary judgment on the issue of whether Erica could be considered the Child's parent. Erica also filed a motion for partial summary judgment on this issue. After a hearing, the Trial Court entered its order on July 6, 2016 holding, *inter alia*, that Tenn. Code Ann. § 68-3-306 was not ambiguous, that *Obergefell v. Hodges* did not override the court's duty to interpret statutes in a manner that gives effect to their plain meaning, and that Tenn. Code Ann. § 68-3-306 did not apply to this case.

Erica filed a motion to reconsider or to alter or amend alleging that Tenn. Code Ann. § 68-3-306 was unconstitutional, which the Trial Court later denied. Fifty-three individual members of the 109th Tennessee General Assembly ("109[th] Legislators") then filed a motion to intervene. The Attorney General also filed a motion to intervene on

---

[1] We refer to the parties by their first names only in this Opinion simply to avoid confusion with no disrespect intended.

behalf of the State to defend the constitutionality of Tenn. Code Ann. § 68-3-306. An agreed order was entered allowing the State to intervene.

Sabrina and Erica reached an agreement with regard to grounds for the divorce, property division, and alimony and entered into a Marital Dissolution Agreement. Sabrina and Erica also both opposed allowing the 109th Legislators to intervene.

After a hearing on the 109th Legislators' motion to intervene, the Trial Court entered its order on October 17, 2016 finding and holding, *inter alia*, that the request to intervene was made by individuals who are members of the General Assembly and not on behalf of the State or the legislative bodies; that in order to intervene a party must establish four specific elements, the first of which, timeliness, the parties agreed had been met; that the 109th Legislators' interest was only 'related,' and was 'remote and contingent'; and that: "The contingent and remote harm to the interests claimed by [the 109th Legislators] will result not from a court's inappropriate action, but instead from the separation of powers provided for by the Constitution of the State of Tennessee." The Trial Court denied the motion to intervene but granted permission for the 109th Legislators to file an *amicus curiae* pleading "regarding matters yet to be addressed by the Court." The 109th Legislators filed a memorandum as *amicus curiae* in opposition to Erica's motion to alter or amend.

The Attorney General filed a memorandum in defense of the constitutionality of Tenn. Code Ann. § 68-3-306 asserting that construed literally the statute would "run afoul of the holding in *Obergefell*," by differentiating between male and female spouses of women who have given birth as a result of artificial insemination. The Attorney General asserted that the statute could be read constitutionally, however, by employing Tenn. Code Ann. § 1-3-104, which provides:

**1-3-104. Tense – Gender – Number of words.**

(a) Words used in this code in the past or present tense include the future, and the future tense includes the present.
(b) Words importing the masculine gender include the feminine and neuter, except when the contrary intention is manifest.
(c) Singular includes the plural and the plural the singular, except when the contrary intention is manifest.

Tenn. Code Ann. § 1-3-104 (2014). The Attorney General's memorandum argued that "Tenn. Code Ann. § 68-3-306 must be construed so as to apply to a child born as a result of artificial insemination during a same-sex marriage and that, as applied, the statute is constitutional."

3

Erica filed a second motion for partial summary judgment asserting that Tenn. Code Ann. § 68-3-306 was unconstitutional. Sabrina opposed Erica's second motion and sought to have it dismissed arguing it should be collaterally estopped because Erica did not raise a constitutional issue prior to the Trial Court's granting Sabrina's motion for partial summary judgment holding that Tenn. Code Ann. § 68-3-306 did not apply to this case. Erica moved for leave to amend her answer and counterclaim to raise the constitutional application of Tenn. Code Ann. § 68-3-306 in light of *Obergefell v. Hodges*.

The 109th Legislators filed a motion to alter or amend the order denying their intervention or in the alternative a motion to intervene. In a memorandum in support of their motion they asserted that the motion was proper due to the fact that Erica had filed her second motion for partial summary judgment "that directly and unequivocally raises the constitutional issue that will, by its resolution, either recognize and preserve or impair their interests." Both Sabrina and Erica opposed the motion of the 109th Legislators to alter or amend. The 109th Legislators then filed a reply alleging that they were not just moving to intervene in connection with the second motion for partial summary judgment but also were moving to alter or amend the judgment denying their original motion to intervene.

After a hearing on Erica's second motion for partial summary judgment and the 109th Legislators' motion to alter or amend or to intervene, the Trial Court entered its order on February 23, 2017. In the February 23, 2017 order, the Trial Court stated: "The arguments of the [109th Legislators] in support of their Motion asking this Court to alter or amend its previous ruling and allow them to intervene are virtually the same as those asserted in their first Motion. The only significant difference is that the position of the State of Tennessee regarding the constitutionality of Tenn. Code Ann. § 68-3-306 is now known." The Trial Court again denied the request of the 109th Legislators to intervene. The Trial Court also found that a challenge to the constitutionality of a statute was an affirmative defense that is waived if not included in an answer or responsive pleading and granted Sabrina's motion to dismiss Erica's second motion for partial summary judgment. The Trial Court then, in the same order, granted Erica permission to amend her answer and counterclaim to assert as an affirmative defense a challenge to the constitutionality of Tenn. Code Ann. § 68-3-306.

Erica amended her answer and counterclaim and filed a third motion for partial summary judgment. Sabrina filed a memorandum in opposition to the third motion for partial summary judgment and asserted, among other things: "Currently, the Tennessee House and Senate each have a bill in committee which proposes to repeal T.C.A. §68-3-306." Sabrina argued that because the legislature was seeking to repeal the statute that

the court should deny Erica relief " 'based on considerations of prudence and comity for coordinate branches of government' as the issue in this case is fluid." (citation omitted).

On March 22, 2017, "52 of the 99 Members of 110th General Assembly elected to the House of Representative and 19 of the 33 Members of the 110th General Assembly elected to [the] Senate" ("110th Legislators") filed a motion to intervene and memorandum in support thereof asserting that their motion was appropriate because "a future Court of Appeals could question whether prior motions to intervene were ripe or hypothetical prior to leave being granted to [Erica] to amend her answer and counter-complaint to assert the constitutional issue . . . ," and because "Movant-Intervenors are Members of the 110th General Assembly, not Members of the 109th General Assembly, as with previous Motions." Also on March 22, 2017, the 109th Legislators filed another motion to alter or amend the order denying intervention or in the alternative a motion to intervene. Some, but not all, of the 110th Legislators also were 109th Legislators.

Proceeding without oral argument upon the motion to alter or amend filed by the 109th Legislators, the Trial Court entered its order on March 29, 2017 denying the motion and incorporating its orders of October 17, 2016 and February 23, 2017 denying intervention. In addition to its rulings made in the previous two orders, the Trial Court found the third request for intervention to be untimely. The Trial Court noted that on August 17, 2016 this case was assigned a trial date of March 28, 2017 and found that to allow intervention by permission six days before trial would unduly delay the case and prejudice the original parties.

On May 1, 2017, the Trial Court entered its Final Judgment of Divorce approving the parties' Marital Dissolution Agreement and entering a Permanent Parenting Plan, which, among other things, granted Erica parenting time. The Trial Court entered an order on May 2, 2017 granting Erica's third motion for summary judgment after finding that the presumption of parentage set out in Tenn. Code Ann. § 68-3-306 applied in this case and that Erica was a legal parent of the Child.

The 109th Legislators and the 110th Legislators appealed the Trial Court's March 29, 2017 order denying intervention to this Court. [2] Neither Sabrina nor Erica appealed the Trial Court's final judgment.

---

[2] During the pendency of the suit, including this appeal, some individual legislators have been deleted as parties and others have been added. It is unnecessary for purposes of this Opinion to list the names of the individual legislators who remain appellants.

**Discussion**

The 109th Legislators and the 110th Legislators filed a joint brief on appeal raising several issues with regard to the denial of intervention. We, however, must begin by addressing a threshold issue as explained by our Supreme Court in *City of Memphis v. Hargett*:

> This Court must first consider questions pertaining to justiciability before proceeding to the merits of any remaining claims. *See UT Med. Grp., Inc. v. Vogt*, 235 S.W.3d 110, 119 (Tenn. 2007) (noting that justiciability is a threshold inquiry). The role of our courts is limited to deciding issues that qualify as justiciable, meaning issues that place some real interest in dispute, *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 838 (Tenn. 2008), and are not merely "theoretical or abstract," *Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cnty.*, 301 S.W.3d 196, 203 (Tenn. 2009). A justiciable issue is one that gives rise to "a genuine, existing controversy requiring the adjudication of presently existing rights." *Vogt*, 235 S.W.3d at 119. Justiciability encompasses several distinct doctrines, two of which are at issue in this appeal—mootness and standing.

**1. Mootness**

> To be justiciable, an issue must be cognizable not only at the inception of the litigation but also throughout its pendency. *Norma Faye Pyles Lynch Family Purpose LLC*, 301 S.W.3d at 203–04. An issue becomes moot if an event occurring after the commencement of the case extinguishes the legal controversy attached to the issue, *Lufkin v. Bd. of Prof'l Responsibility*, 336 S.W.3d 223, 226 (Tenn. 2011), or otherwise prevents the prevailing party from receiving meaningful relief in the event of a favorable judgment, *see Knott v. Stewart Cnty.*, 185 Tenn. 623, 207 S.W.2d 337, 338 (1948); *Cnty. of Shelby v. McWherter*, 936 S.W.2d 923, 931 (Tenn. Ct. App. 1996). This Court has recognized a limited number of exceptional circumstances that make it appropriate to address the merits of an issue notwithstanding its ostensible mootness: (1) when the issue is of great public importance or affects the administration of justice; (2) when the challenged conduct is capable of repetition and evades judicial review; (3) when the primary dispute is moot but collateral consequences persist; and (4) when a litigant has voluntarily ceased the challenged conduct. *Lufkin*, 336 S.W.3d at 226 n.5 (citing *Norma Faye Pyles Lynch Family Purpose LLC*, 301 S.W.3d at 204).

*City of Memphis v. Hargett*, 414 S.W.3d 88, 96 (Tenn. 2013).

Discussing justiciability and the mootness doctrine, our Supreme Court further has explained:

> Despite the absence of express constitutional limitations on the exercise of their judicial power, Tennessee's courts have, since the earliest days of statehood, recognized and followed self-imposed rules to promote judicial restraint and to provide criteria for determining whether the courts should hear and decide a particular case. These rules, commonly referred to as justiciability doctrines, are based on the judiciary's understanding of the intrinsic role of judicial power, as well as its respect for the separation of powers doctrine in Article II, Sections 1 and 2 of the Constitution of Tennessee. . . . A moot case is one that has lost its justiciability either by court decision, acts of the parties, or some other reason occurring after commencement of the case. *West v. Vought Aircraft Indus., Inc.*, 256 S.W.3d at 625; *McCanless v. Klein*, 182 Tenn. at 637, 188 S.W.2d at 747; *McIntyre v. Traughber*, 884 S.W.2d at 137. A case will be considered moot if it no longer serves as a means to provide some sort of judicial relief to the prevailing party. *Knott v. Stewart County*, 185 Tenn. at 626, 207 S.W.2d at 338–39; *Bell v. Todd*, 206 S.W.3d 86, 96 (Tenn. Ct. App. 2005); *Massengill v. Massengill*, 36 Tenn. App. 385, 388–89, 255 S.W.2d 1018, 1019 (1952).

*Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cnty.*, 301 S.W.3d 196, 202-04 (Tenn. 2009). "Determining whether a case is moot is a question of law." *Alliance for Native Am. Indian Rights in Tennessee, Inc. v. Nicely*, 182 S.W.3d 333, 338-39 (Tenn. Ct. App. 2005).

Turning to the case now before us on appeal, we note that it is a suit for divorce involving the grounds for divorce, the division of marital property, and parenting issues with regard to a minor child. These issues were fully determined when the Trial Court entered its Final Judgment of Divorce on May 1, 2017 approving the parties' Marital Dissolution Agreement and entering a Permanent Parenting Plan. Both Sabrina and Erica have accepted the Trial Court's final judgment and have not appealed the judgment. The Trial Court's May 1, 2017 judgment now has become final.

No issues with regard to the divorce suit remain for determination. Thus, the case has lost its justiciability by court decision and the acts of the parties who chose not to appeal the Trial Court's decision all of which render the case now moot. Even if the 109th Legislators and the 110th Legislators were to prevail in this appeal, the case "no longer serves as a means to provide some sort of judicial relief to the prevailing party."

*Norma Faye Pyles Lynch Family Purpose LLC*, 301 S.W.3d at 204. While the 109th Legislators and the 110th Legislators apparently wish to force the actual parties to the suit, Sabrina and Erica, to continue their dispute in court, those parties have chosen not to do so. Put simply, the divorce case is over, and there is no lawsuit left in which to intervene. As our Supreme Court has instructed:

> Our judicial heritage speaks to restraint in addressing issues when the parties do not have a continuing, real, live, and substantial interest in the outcome. Accordingly, as a general rule, Tennessee's appellate courts should dismiss appeals that have become moot regardless of how appealing it may be to do otherwise.

*Id.,* 301 S.W.3d at 210.

As we have determined that the case now before us on appeal is moot, the only remaining question becomes whether the case falls within one of the exceptions to the mootness doctrine making it otherwise appropriate to address the issues raised. To reiterate, the limited recognized exceptions to the mootness doctrine include: "(1) when the issue is of great public importance or affects the administration of justice; (2) when the challenged conduct is capable of repetition and evades judicial review; (3) when the primary dispute is moot but collateral consequences persist; and (4) when a litigant has voluntarily ceased the challenged conduct." *City of Memphis v. Hargett*, 414 S.W.3d at 96. Of the four, we find that the latter two possible exceptions are wholly inapplicable to the case now before us. Thus, we must consider only the first two of the possible exceptions.

With regard to the public interest exception, our Supreme Court has provided guidance stating:

> [U]nder "exceptional circumstances where the public interest clearly appears," *Dockery v. Dockery*, 559 S.W.2d 952, 955 (Tenn. Ct. App. 1977), the appellate courts may exercise their judgment and discretion to address issues of great importance to the public and the administration of justice. *State v. Rodgers*, 235 S.W.3d at 97. To guide their discretion, the courts should first address the following threshold considerations: (1) the public interest exception should not be invoked in cases affecting only private rights and claims personal to the parties; (2) the public interest exception should be invoked only with regard to "issues of great importance to the public and the administration of justice"; (3) the public interest exception should not be invoked if the issue is unlikely to arise in the future; and (4) the public interest exception should not be invoked if the record is

inadequate or if the issue has not been effectively addressed in the earlier proceedings.

*Norma Faye Pyles Lynch Family Purpose LLC*, 301 S.W.3d at 210 (footnotes omitted).

As discussed above, the case now before us on appeal is a suit for divorce involving the grounds for divorce, the division of marital property, and parenting issues with regard to a minor child. All of these issues are private rights and claims personal to the parties to the suit. The actual case, a divorce, simply does not involve "issues of great importance to the public and the administration of justice." *Id*. As such, we cannot find that the public interest exception to the mootness doctrine applies.

Turning to the second possible exception to the mootness doctrine, we note that this Court previously has addressed the "'capable of repetition yet evading review'" exception and has explained:

> The courts invoke the "capable of repetition yet evading review" exception to the mootness doctrine only in exceptional cases. Parties requesting a court to invoke the exception must demonstrate (1) a reasonable expectation that the official acts that provoked the litigation will occur again, (2) a risk that effective judicial remedies cannot be provided in the event that the official acts reoccur, and (3) that the same complaining party will be prejudiced by the official act when it reoccurs. A mere theoretical possibility that an act might reoccur is not sufficient to invoke the "capable of repetition yet evading review" exception. Rather, "there must be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party." *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S. Ct. 1181, 1184, 71 L.Ed.2d 353 (1982); 1 RONALD D. ROTUNDA & JOHN E. NOWAK, TREATISE ON CONSTITUTIONAL LAW § 2.13, at 37 (3d ed. Supp. 2005).

*Alliance for Native Am. Indian Rights in Tennessee, Inc.*, 182 S.W.3d at 339-40 (footnotes omitted).

While the 109th Legislators and the 110th Legislators might argue that the situation about which they complain is capable of repetition, *i.e.*, individual members of our General Assembly moving to intervene in a lawsuit, we cannot find that it will evade judicial review in light of the recent amendment to Tenn. R. Civ. P. 24. Rule 24 of the Tennessee Rules of Civil Procedure, which addresses the subject of intervention, has been amended effective July 1, 2018 to provide that: "Any order granting or denying a motion to intervene filed pursuant to this rule shall be a final judgment for purposes of

Tenn. R. App. P. 3."[3] Tenn. R. Civ. P. 24.05 (effective July 1, 2018). Thus, if the same situation were to occur again and the 109[th] Legislators and the 110[th] Legislators or any other individual legislators were to move for leave to intervene and were denied, the order denying intervention immediately would become a final appealable order, which, if appealed would allow this Court to review the issue prior to the case below being rendered moot. Given this, we cannot find that the capable of repetition yet evading review exception to the mootness doctrine applies in this case.

This case has been rendered moot as it has lost its justicability and no longer involves a present, ongoing controversy. Furthermore, we find that no exception to the mootness doctrine applies. We, therefore, in the exercise of judicial restraint and with "respect for the separation of powers doctrine in Article II, Sections 1 and 2 of the Constitution of Tennessee," dismiss this appeal. *Norma Faye Pyles Lynch Family Purpose LLC*, 301 S.W.3d at 202-03.

## Conclusion

The appeal is dismissed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellants, members of the 109th General Assembly and members of the 110th General Assembly.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

---

[3] Amendment to Tenn. R. Civ. P. 24 adopted by our Supreme Court by order entered January 8, 2018.