IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 15, 2021 Session

**JAMES G. AKERS v. DYCK-O'NEAL, INC. ET AL.**

**Appeal from the Chancery Court for Davidson County**
**No. 20-0380-IV      Russell T. Perkins, Chancellor**

_____

**No. M2021-00063-COA-R3-CV**

_____

Appellant sought an injunction to stop foreclosure on real property. Appellees, the lienholder, the lienholder's law firm, and the substitute trustee, filed motions to dismiss, which the trial court granted. After Appellant filed this appeal, Appellee lienholder filed a release of its lien on the subject property. As such, Appellant's appeal is moot, and the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which W. NEAL MCBRAYER and ARNOLD B. GOLDIN, JJ., joined.

James G. Akers, Nashville, Tennessee, appellant, pro se.

John R. Roan, Chattanooga, Tennessee, for the appellees, Dyck-O'Neal, Inc., Aldridge Pite LLP, and Clear Recon, LLC.

**OPINION**

On February 20, 2003, Deborah L. Akers, Appellant James G. Akers' wife, entered into a first mortgage secured by property located at 543 Richmar Drive, Nashville (the "Property"). On the same day, Ms. Akers entered into a second mortgage on the Property with First Franklin Financial Corporation. The promissory note, which was secured by the Property, was in the principal amount of $37,500, with interest accruing at a rate of 8.25% per annum. The note was scheduled to mature on March 1, 2018. On March 4, 2009, the note was assigned to Radian Services, LLC. On May 18, 2009, the mortgage was transferred to Appellee Dyck-O'Neal (a/k/a DINO). Appellee Aldridge Pite, LLP ("AP") is Dyck-O'Neal's law firm.

On May 6, 2015, Ms. Akers quitclaimed her interest in the Property to Appellant. The note on the Property fell into arrears, and, on or about March 18, 2020, Dyck-O'Neal sent a Notice of Pending Foreclosure Sale and a Notice of Sale to Mr. Akers, indicating that a foreclosure sale on the Property was scheduled for April 21, 2020. Appellee Clear Recon, LP ("CR," and together with Dyck-O'Neal and AP, Appellees) was named as the Substitute Trustee.

On April 16, 2020, Mr. Akers filed a Petition for Injunction to Stay Sale of Real Estate against the Appellees in the Chancery Court of Davidson County ("trial court"). On April 27, 2020, Appellees filed a response averring, *inter alia*, that Mr. Akers' claims were barred by the doctrines of res judicata,[1] collateral estoppel, and that he lacked standing. In their supplemental response, Appellees also asserted that Mr. Akers failed to provide a valid basis for the issuance of an injunction; Appellees provided an affidavit from Dyck-O'Neal stating that it was in physical possession of the note, and that it is the owner and holder of the note. As of August 5, 2020, the payoff balance on the note was $43,629.96, excluding attorney's fees.

Following several continuances and the denial of Mr. Akers' motion for summary judgment, on November 6, 2020, AP and Dyck-O'Neal filed a joint motion for judgment on the pleadings, wherein they asserted, *inter alia*, that Mr. Akers' lawsuit was barred by the doctrines of res judicata and collateral estoppel based on the circuit court's October 14, 2019 order in a prior lawsuit filed by Appellant, *see* fn. 1. On November 6, 2020, CR filed a motion to dismiss pursuant to Tennessee Code Annotated section 35-5-116 and Tennessee Rule of Civil Procedure 12.02(6), arguing that Mr. Akers did not assert any claims against it, and that he also failed to file a verified response in accordance with Tennessee Code Annotated section 35-5-116(b).[2]  Following a hearing, the trial court

---

[1] On June 11, 2019, Appellant filed a complaint for declaratory judgment and injunction in the Davidson County Circuit Court, naming Radian and Dyck-O'Neal as defendants. On October 14, 2019, the circuit court dismissed the case on Radian and Dyck-O'Neal's motion to dismiss. Appellant's petition for extraordinary appeal to this Court was denied on December 2, 2019.

[2] Tennessee Code Annotated section 35-5-116 provides, in relevant part:

(a) Any trustee named in a suit or proceeding, as related to a sale of real property under a trust deed or mortgage, may plead in the answer that the trustee is not a necessary party by a verified denial, stating the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust, contract lien, or security instrument.

(b) Within thirty (30) days after the filing of the trustee's verified denial, a verified response is due from all parties to the suit or proceeding setting forth all matters, whether in law or fact, that rebut the trustee's verified denial.

(c) If a party has no objection or fails to file a timely verified response to the trustee's verified denial, the trustee shall be dismissed from the suit or proceeding without prejudice.

entered a final order on December 18, 2020 dismissing the lawsuit.   Mr. Akers appeals.

As set out in his brief, Mr. Akers raises the following issues for review:

1. Whether the Trial Court exceeded its jurisdiction by entering an order with respect to matters which none of the parties sought a legal remedy;
2. Whether the Trial Court abused its discretion by concluding that Dyck-O'Neal, Inc. ". . . is in physical possession of the [subject Promissory] Note and is the owner and holder of the [same] in due course;"
3. Whether the Trial Court abused its discretion by repeatedly depriving Akers of his due process rights and equal protection rights guaranteed by the Fourteenth Amendment of/to U.S. Constitution, viz: (i) Due process of law; & (ii) Equal protection of the laws;
4.Whether the Trial Court misapprehended/misapplied the doctrines of res judicata and collateral estoppel to the instant case in light of the currently ongoing appeal of Case.

We do not reach the substantive issues in this case because the appeal is moot.

In *City of Memphis v. Hargett*, 414 S.W.3d 88, 96 (Tenn. 2013), the Tennessee Supreme Court explained:

> This Court must first consider questions pertaining to justiciability before proceeding to the merits of any remaining claims. *See UT Med. Grp., Inc. v. Vogt*, 235 S.W.3d 110, 119 (Tenn. 2007) (noting that justiciability is a threshold inquiry).  The role of our courts is limited to deciding issues that qualify as justiciable, meaning issues that place some real interest in dispute, *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 838 (Tenn. 2008), and are not merely "theoretical or abstract," *Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cnty.*, 301 S.W.3d 196, 203 (Tenn. 2009). A justiciable issue is one that gives rise to "a genuine, existing controversy requiring the adjudication of presently existing rights." *Vogt*, 235 S.W.3d at 119. Justiciability encompasses several distinct doctrines, two of which are at issue in this appeal—mootness and standing.
>
> ***
>
> To be justiciable, an issue must be cognizable not only at the inception of the litigation but also throughout its pendency. *Norma Faye Pyles Lynch*

---

(d) If a respondent files a timely verified response to the trustee's verified denial, the matter shall be set for hearing. The court shall dismiss the trustee from the suit or proceeding without prejudice, if the court determines that the trustee is not a necessary party.

*Family Purpose LLC*, 301 S.W.3d at 203–04. An issue becomes moot if an event occurring after the commencement of the case extinguishes the legal controversy attached to the issue, *Lufkin v. Bd. of Prof'l Responsibility*, 336 S.W.3d 223, 226 (Tenn. 2011), or otherwise prevents the prevailing party from receiving meaningful relief in the event of a favorable judgment, *see Knott v. Stewart Cnty.*, 185 Tenn. 623, 207 S.W.2d 337, 338 (1948); *Cnty. of Shelby v. McWherter*, 936 S.W.2d 923, 931 (Tenn. Ct. App. 1996). This Court has recognized a limited number of exceptional circumstances that make it appropriate to address the merits of an issue notwithstanding its ostensible mootness: (1) when the issue is of great public importance or affects the administration of justice; (2) when the challenged conduct is capable of repetition and evades judicial review; (3) when the primary dispute is moot but collateral consequences persist; and (4) when a litigant has voluntarily ceased the challenged conduct. *Lufkin*, 336 S.W.3d at 226 n. 5 (citing *Norma Faye Pyles Lynch Family Purpose LLC*, 301 S.W.3d at 204).

Here, Mr. Akers sought an injunction to stop the impending foreclosure on the Property. In their responsive brief, Appellees stated:

> Subsequent to this appeal, the second mortgage debt owed to Dyck was paid in full on or about January 06, 2021, and a Full Release of Lien was recorded by Dyck in the Davidson County Register of Deeds Office, on or about March 29, 2021, at Instrument Number 20210329-0040732.

At oral argument before this Court, the parties confirmed that the second mortgage debt had been satisfied, and that Dyck-O'Neal had, in fact, released its lien on the Property after the appeal was filed. Because there is no longer a possibility of foreclosure, the controversy at the heart of this lawsuit is eliminated. *City of Memphis*, 414 S.W.3d at 96 (citing *Lufkin*, 336 S.W.3d at 226) ("An issue becomes moot if an event occurring after the commencement of the case extinguishes the legal controversy attached to the issue."). In other words, having released its lien, it is no longer possible for Dyck-O'Neal to pursue foreclosure on the Property; this fact precludes "meaningful relief in the event of a favorable judgment." *Id.* (citations omitted). Neither party has asserted that exceptional circumstances warrant application of any of the exception to the mootness doctrine, *see supra*, and we likewise find no such circumstances.

For the foregoing reasons, the appeal is dismissed as moot. Costs of the appeal are assessed to the Appellant, James G. Akers, for all of which execution may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE
